UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Damon Wilbert, | Case No. 21-cv-1645 (MJD/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Birkholz, Michael Carvajal, | |
| Respondents. | |

HILDY BOWBEER, United States Magistrate Judge,

Petitioner Damon Wilbert filed a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on July 16, 2021. He did not, however, submit either an application to proceed *in forma pauperis* ("IFP") or the $5.00 filing fee for habeas corpus cases. By letter of July 16, 2021, the Office of the Clerk of Court advised him of this oversight, provided him with a copy of the IFP application form, and told him that if he did not pay the fee or submit a completed IFP application, his case could be dismissed. [ECF No. 3.]

On August 12, 2021, when Wilbert had still not paid the fee, submitted the IFP application, or otherwise communicated with the Court, this Court issued an order directing him once again to either pay the $5 fee or to submit the completed IFP form as is required by 28 U.S.C. § 1914(a). (Order [ECF No. 5].) The August 12, 2021 Order warned him that his case could be dismissed for failure to prosecute if he did not take action or otherwise communicate with the Court within 14 days, i.e., August 26, 2021.

The August 26, 2021 deadline has passed without any correspondence or payment from Wilbert. Wilbert's lack of payment and general lack of responsiveness constitute a lack of prosecution. Accordingly, this Court now recommends that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). Should Wilbert submit an IFP application or pay the filing fee for these matters during the period for objecting to this Recommendation, this Court will vacate the recommendation of dismissal and proceed to reviewing his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: August 30, 2021                s/*Hildy Bowbeer*_____
                                                          HILDY BOWBEER
                                                          United States Magistrate Judge

---

[1] Although Wilbert's habeas petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).